BEFORE THE FIRST DIVISION, AUGUST 28, 1967

**No. P67/277.**—Acme Venetian Blind & Window Shade Corp. *v.* United States, protests 63/9071, 63/15390, and 63/22584 (New York).

BECKWORTH, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of Philippine mahogany sticks or slats similar in all material respects to those the subject of *Acme Venetian Blind & Window Shade Corp.* v. *United States* (56 Cust. Ct. 563, C.D. 2704), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, AUGUST 28, 1967

**No. P67/278.**—The Rembar Co., Inc. *v.* United States, protests 61/22336, etc. (New York).

RAO, C. J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of trays (boats) similar in all material respects to those the subject of *The Rembar Co., Inc.* v. *United States* (57 Cust. Ct. 239, C.D. 2774), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, AUGUST 28, 1967

**No. P67/279.**—Frank P. Dow Co., Inc., a/c Ucagco, Inc., et al. *v.* United States, protests 245591–K, etc. (San Francisco).

**No. P67/280.**—United China & Glass Co. *v.* United States, protests 64/2966–16613, etc. (New Orleans).

LANDIS, J. In accordance with stipulation of counsel that the items of merchandise marked "T" covered by the foregoing protests consist of cups and saucers similar in all material respects to those the subject of *W. Kay Company, Inc.* v. *United States* (53 Cust. Ct. 130, C.D. 2484) and that the items of merchandise marked "D" covered by the foregoing protests consist of cups and saucers similar in all material respects to those the subject of *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company* (47 CCPA 1, C.A.D. 719), the claims of the plaintiffs were sustained.